745 S.E.2d 162

**Larwan Badru BONNER**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0565–11–2.**

Court of Appeals of Virginia,
Richmond.

July 23, 2013.

Lawrence Anthony Drombetta, III (Charles C. Cosby, Jr., Richmond, on brief), for appellant.

Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.

Present: FELTON, C.J., and ELDER, FRANK, HUMPHREYS, KELSEY, PETTY, BEALES, ALSTON, McCULLOUGH, HUFF and CHAFIN, JJ.

## UPON REHEARING EN BANC

ROBERT J. HUMPHREYS, Judge.

Larwan Badru Bonner ("Bonner") appeals his conviction in the Circuit Court of Brunswick County ("trial court") for altering the serial number of a firearm in violation of Code § 18.2–311.1.[1] On appeal to a three-judge panel of this Court, Bonner argued that the trial "court erred in denying [his] motion to strike the [Code] § 18.2–311.1 charge involving the

---

1. Bonner was also convicted of using threatening language over the phone in violation of Code § 18.2–427 and possession of a firearm by a convicted felon in violation of Code § 18.2–308.2; however, those convictions are not before the Court in the instant appeal.

absence of a serial number due to improper venue." A divided panel of this Court reversed the conviction based on a failure by the Commonwealth to establish that the Circuit Court of Brunswick County was a proper venue for his trial on this offense. *Bonner v. Commonwealth*, 61 Va.App. 247, 734 S.E.2d 692 (2012). The Commonwealth, by the Attorney General of Virginia, filed a petition requesting a rehearing *en banc*. This Court granted the Commonwealth's petition, staying the execution of the judgment of the panel opinion. *Bonner v. Commonwealth*, 61 Va.App. 430, 737 S.E.2d 46 (2013). Upon further review, we find that the Commonwealth failed to establish that venue for the trial of this offense was proper in Brunswick County, and so we reverse the conviction of altering the serial number of a firearm and remand to the trial court for further proceedings consistent with this opinion, if the Commonwealth be so advised.

## I.  Background

The facts relevant to this appeal are as follows. On October 29, 2009, Bonner made a threatening phone call to Erica Seay ("Seay"). At the time, Seay was in a house that is located in Brunswick County. Seay contacted the police and, together, they set up a meeting between Seay and Bonner at the Circle D,[2] which is also located in Brunswick County.

Meanwhile, Bonner met with Brian Wyatt ("Wyatt") and Wyatt's girlfriend, Diane Branzelle ("Branzelle"), at Wyatt's house.[3] Together, they drove to Bonner's house, which is located in Dinwiddie County, and then to the Circle D where they waited to meet Seay. The police arrived and arrested Bonner in the parking lot of the Circle D, and, incident to the arrest, they recovered the handgun that is at issue in this

---

**2.**  The record is replete with references to the Circle D and "Davis's Truck Stop" or the "Davis Truck Stop." Apparently, "Davis's Truck Stop" or the "Davis Truck Stop" replaced the Circle D, but as it is clear that they are the same location, this opinion will reference the location simply as the Circle D.

**3.**  The record is silent as to the location of Wyatt's house.

case. At that time, the serial number of the handgun had already been filed down.

The evidence related to the handgun in this record is scant. There was no testimony as to who had filed down the serial number, when it was obliterated, or where the removal was done. Instead, the record reveals only that Seay had seen Bonner with the handgun previously on September 18 at his home in Dinwiddie. However, Seay was unable to state whether the handgun had the serial number removed at that point or not. Additionally, Branzelle testified that she noticed the gun wedged between the passenger seat and the center console of the car while they were waiting at the Circle D on the night of the arrest. Branzelle testified that she was familiar with the gun, as she had seen it previously in Bonner's father's truck, and it did not have a serial number on it at that point. However, the record before us does not establish the date on which she had seen the gun previously, what jurisdiction she was in on that occasion, or who owned the handgun.

## II. Analysis

■ A basic principle of law is that a civil or criminal action should be decided by a court in the locality where the civil dispute or criminal offense occurred and where a jury to resolve the issue may be drawn. This bedrock common law principle is expressed in the concept of venue and has long been recognized in Virginia. *See Richardson v. Commonwealth,* 80 Va. 124 (1885).

■ In a criminal prosecution, it is the Commonwealth's burden to establish venue. *Pollard v. Commonwealth,* 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980). "Proof of venue 'is not a part of the crime.' Thus, the prosecution need not 'prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime.' " *Morris v. Commonwealth,* 51 Va.App. 459, 469, 658 S.E.2d 708, 712–13 (2008) (quoting *Randall v. Commonwealth,* 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944); *United States v. Griley,* 814 F.2d

967, 973 (4th Cir.1987)). Instead, to establish venue the Commonwealth need only "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court." *Cheng v. Commonwealth*, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). "The Commonwealth may prove venue by either direct or circumstantial evidence. In either case, the evidence must be sufficient to present a 'strong presumption that the offense was committed within the jurisdiction of the Court.'" *Davis v. Commonwealth*, 14 Va.App. 709, 711, 419 S.E.2d 285, 287 (1992) (quoting *Pollard*, 220 Va. at 725, 261 S.E.2d at 330).

On appeal, an appellate court's responsibility when reviewing an issue of venue is "to determine 'whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings.'" *Foster–Zahid v. Commonwealth*, 23 Va.App. 430, 442, 477 S.E.2d 759, 765 (1996) (quoting *Cheng*, 240 Va. at 36, 393 S.E.2d at 604). Furthermore, "[w]e consider whether the Commonwealth proved venue when viewing the evidence 'in the light most favorable to the Commonwealth.'" *Taylor v. Commonwealth*, 58 Va.App. 185, 190, 708 S.E.2d 241, 243 (2011) (quoting *Cheng*, 240 Va. at 36, 393 S.E.2d at 604).

Before we can determine whether the Commonwealth met its burden in establishing a strong presumption that the offense was committed in the jurisdiction of the trial court, we must establish in the abstract where a proper venue is for the offense of altering the serial number of a firearm. Generally, the General Assembly has provided that venue in the Commonwealth "shall be had in the county or city in which the offense was committed." Code § 19.2–244. In other words, venue for a criminal prosecution will generally be proper wherever any element of the offense occurs. However, for certain specific offenses, the legislature has seen fit to allow for venue in other jurisdictions in which it may not ordinarily lie. *See e.g.* Code §§ 18.2–83, 18.2–115, 18.2–118, 18.2–178, 18.2–186, 18.2–326, 18.2–359, 18.2–362. In the absence of such a provision, Code § 19.2–244 dictates the proper

venue for an offense. Such is the case here. "Application of this statute requires a determination of where a specific crime was 'committed.' This determination is straightforward when the crime is a discrete act." *Kelso v. Commonwealth*, 282 Va. 134, 137, 710 S.E.2d 470, 472 (2011). However, when a crime constitutes a continuing offense, venue may be proper in more than one jurisdiction. *See Thomas v. Commonwealth*, 38 Va.App. 319, 324, 563 S.E.2d 406, 409 (2002).

> "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each."

*Id.* (quoting *United States v. Midstate Horticultural Company*, 306 U.S. 161, 166, 59 S.Ct. 412, 414, 83 L.Ed. 563 (1939)).

■ The offense of altering the serial number of a firearm is set forth under Code § 18.2–311.1, which states that

> [a]ny person, . . . who . . . intentionally removes, defaces, alters, changes, destroys or obliterates in any manner or way or who . . . causes to be removed, defaced, altered, changed, destroyed or obliterated in any manner or way the name of the . . . or serial number . . . on any pistol . . . shall be guilty of a Class 1 misdemeanor.

By the plain language of the statute, it is clear that this offense constitutes a discrete act. The statute requires only that a person intentionally remove, deface, alter, change, destroy, or obliterate the serial number of the pistol in order for the elements of the offense to be completed. Once any of these goals has been achieved, the crime is complete. In other words, the statute does *not* contain " 'a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force.' " *Thomas*, 38 Va. App. at 324, 563 S.E.2d at 409 (quoting *Midstate Horticultural Company*, 306 U.S. at 166, 59 S.Ct. at 414).

In contrast, courts in the Commonwealth have consistently held that larceny is a continuing offense. *See Gheorghiu v.*

*Commonwealth,* 280 Va. 678, 685, 701 S.E.2d 407, 411 (2010). This is "based on the common law legal fiction that each time the stolen goods are taken into a new jurisdiction, there is an illegal asportation and a new crime is committed." *Id.* Thus, in prosecutions for the offense of larceny, venue is proper in any jurisdiction in which the stolen goods are taken because one of the required elements of larceny, the asportation of the stolen property from its original location, is ongoing. Likewise, conspiracy constitutes a continuing offense, and therefore "venue is proper in any city or county where an act in furtherance of the conspiracy took place, as well as the place where the conspiracy was entered into." *Brown v. Commonwealth,* 10 Va.App. 73, 80–81, 390 S.E.2d 386, 390 (1990). However, altering the serial number of a firearm is not analogous to these offenses. There is no element of this offense involving conduct that is ongoing in nature or conduct that in and of itself constitutes a new offense.

Even so, the Commonwealth argues that, "depending on the nature of a particular crime, there may be a distinction between the locus of criminal conduct and where its effect occurs. For purposes of venue, these offenses can be considered 'continuing' or 'transitory.' " As in the case of altering the serial number of a firearm, the Commonwealth reasons that the effect of the crime would be felt anywhere the firearm is located, as the harm the statute intends to prevent is the inability to trace the firearm. In support of this argument, the Commonwealth cites to *Kelso,* in which the Supreme Court recognized "venue is proper in the jurisdiction where the direct and immediate result of an illegal act occurred, even if the illegal act causing the injury occurred in another jurisdiction," *Kelso,* 282 Va. at 138, 710 S.E.2d at 473, and to *Gregory v. Commonwealth,* 5 Va.App. 89, 360 S.E.2d 858 (1987), in which this Court reasoned that "[i]t has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit." *Id.* at 94, 360 S.E.2d at 861.

However, the Supreme Court in *Kelso* did not expand the scope of venue in the manner suggested by the Commonwealth. The Attorney General's argument ignores the context of the holding in which those statements were made. In *Kelso*, the charge was causing a juvenile to assist in the distribution of marijuana in violation of Code § 18.2–255(A)(ii). As the Supreme Court noted, "one of the acts which must occur for conviction is distribution of the contraband by the juvenile to a third party. Under these circumstances, the place where that act occurred is an appropriate venue for prosecution." *Kelso*, 282 Va. at 138, 710 S.E.2d at 473. Thus, under the holding in *Kelso*, venue is proper where one of the elements of the offense occurred. Similarly, the offense charged in *Gregory* was one of those discussed above that involved an offense for which the General Assembly specifically provided for venue in a place other than where venue would ordinarily lie.[4]

Indeed, the Commonwealth's argument that venue lies wherever some evil traceable to a crime occurs, if followed to its logical conclusion would result in the complete frustration of the general venue statute. Therefore, it is apparent that the General Assembly clearly does not share the Attorney General's interpretation of existing law. Under the Commonwealth's theory, there would be no need for the legislature to include special venue statutes in the offenses that currently include such provisions. The offense of making threats to bomb a building under Code § 18.2–83 is illustrative. This statute criminalizes "[a]ny person . . . who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure, or any means of transportation." Code § 18.2–83(A). The statute goes on to state that "[a] violation of this section may be prosecuted either in the

---

4. A more accurate construction of *Kelso* and *Gregory*, is that the "evil" caused by the criminal actions in those cases occurred where either an element of the offense occurred or where the General Assembly made specific provision for venue to exist. The record in this case supports neither situation.

jurisdiction from which the communication was made or in the jurisdiction where the communication was received." Code § 18.2–83(B). This offense, like the alteration of a firearm, is a discrete act. However, the effect of the act is clearly felt where the threat is received. Thus, under the Commonwealth's theory, there would be no need for the legislature to specifically provide that the offense may be prosecuted where the threat was received. However, that is exactly what the legislature saw fit to do.

Having concluded that Code § 18.2–311.1 is a discrete rather than a continuing offense, we now turn to the issue of whether venue was proper in this case. That is, based on the evidence in the record before us, did the trial court err in finding that the Commonwealth established a strong presumption that the removal, defacement, alteration, change, destruction or obliteration of the serial number occurred in Brunswick County. In this case, we hold that it did.

It is clear from the record that Bonner did not file down the serial number while he was waiting at the Circle D in Brunswick County on the night in question. Both Seay and Branzelle testified that they had seen Bonner with the gun on different occasions prior to the night of his arrest. Seay was able to place the gun with Bonner at his residence in Dinwiddie County prior to the evening in question, and Branzelle testified that the handgun's serial number had already been removed prior to the arrest, although the date and location of that occurrence are not part of the record. However, there was no testimony that Bonner was the one who filed down the serial number, let alone where that discrete act occurred. While the Commonwealth need only prove a strong presumption of venue, as opposed to the much more stringent "beyond a reasonable doubt standard" necessary for conviction, there is still insufficient evidence in the record to sustain even this standard.[5] Therefore, we find that the trial court erred in

---

5. We reiterate that the only issue on appeal relates to the finding of venue, and not to the sufficiency of the evidence for the conviction of altering the serial number of a firearm itself.

finding that the Commonwealth established that venue for the trial of this offense was proper in Brunswick County.

The Commonwealth argues that this is an absurd result and points to our oft-cited canon of statutory construction that " 'the plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction, and a statute should never be construed in a way that leads to absurd results.' " *Davis v. County of Fairfax*, 282 Va. 23, 28, 710 S.E.2d 466, 468 (2011) (quoting *Meeks v. Commonwealth*, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)). Our interpretation of the venue statute is based on its plain language. While this may create difficulty in some cases in establishing venue for this offense, difficulty is not absurdity. The legislature could have easily created a special venue provision for this offense establishing venue wherever the firearm is located, or simply criminalized the possession of a firearm that has an altered serial number. However, that is not what the legislature has done, and thus, our holding is faithful to the canon of statutory construction cited by the Commonwealth.

### III. Conclusion

For aforementioned reasons, we hold today that the trial court erred in finding venue proper for Bonner's charge of altering the serial number of a firearm. Therefore, we reverse Bonner's conviction of that offense, and remand the case to the trial court for further proceedings, including trial in a proper venue if the Commonwealth be so advised.[6]

*Reversed and remanded.*

---

6. "Where venue was improper, this Court should remand the case for a new trial in an appropriate venue." *Taylor*, 58 Va.App. at 193, 708 S.E.2d at 245.